FREDRICK P. STERN, PC
2163 Sunrise Highway
Islip, New York 11751
Telephone: (631)650-9260
Facsimile: (631) 650-9259
Fredrick P. Stern, Esq.
Attorney for Creditor/Contract Vendee, Patricia M. Frank

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

**In re**

    Maura E. Lynch                             Chapter 11

                                                          Case No. 8-15-74795-ast

                         **Debtor.**
-------------------------------------------------------------------x

**APPLICATION OF CONTRACT VENDEE, PATRICIA M. FRANK PURSUANT TO**
**SECTION 362(d) OF THE BANKRUPTCY CODE TO LIFT**
**THE AUTOMATIC STAY AND FOR A STAY OF**
**EVICTION PROCEEDINGS PENDING A DETERMINATION**
**OF THIS APPLICATION**

TO THE HONORABLE ALAN S. TRUST,
UNITED STATES BANKRUPTCY JUDGE:

      PATRICIA M. FRANK, a Contract Vendee/Creditor in above referenced chapter 11 case, files this Application for an Order, pursuant to 11 U.S.C. section 362(d), terminating the automatic stay to permit PATRICIA M. FRANK, her nominees and/or assigns to proceed with the purchase of the real estate located at 43 Harbor Drive, Sag Harbor, New York (hereinafter "the Real Property"), pursuant to a contract of sale between Stephen J. Vaccaro, as Receiver/Seller and PATRICIA M. FRANK, as Purchaser which was confirmed by an Order of the Supreme Court of the State of New York, Suffolk County in the action entitled Stephen J. Vaccaro v. Maura Lynch under Index No. 38437-2010 (hereinafter "the Divorce Action") and to

stay the eviction proceedings commenced by the Debtor, Maura E. Lynch against Patricia M. Frank in Justice Court of the Town of Southampton entitled Maura Lynch v. Patricia Frank (hereinafter "the Eviction Proceeding") pending a decision on this Application. As grounds for this Application, Ms. Frank respectfully represents:

**Background**

1. Based upon a review of the long, tortured history which lead up to this bankruptcy filing and the instant motion, it appears that in or about 2010, the Debtor and her ex-husband, Stephen J. Vaccaro, filed an action for divorce. (See Affidavit of Stephen O'Brien, Esq. sworn to on September 16, 2015 and Order of Justice Carol Mackenzie dated September 24, 2015 collectively annexed hereto as Exhibit "A").

2. On December 12, 2012, the Supreme Court, Suffolk County issued a Decision, after trial, in the Divorce Action, equitably distributing the marital estate between the Debtor and Mr. Vaccaro which directed the sale of the Real Property and the proceeds, after payment of ordinary closing costs including the satisfaction of a substantial mortgage, to be split equally between the Debtor and Mr. Vaccaro.

3. On January 22, 2013 the parties agreed, by written stipulation, to hire Sotheby's International Realty, to act as a listing agent for the Real Property and said stipulation was so-ordered by the Supreme Court.

4. Based upon the Debtor's continued failure to cooperate in the sale of the Real Property, and other properties, by Order dated May 3, 2013 Justice Mackenzie appointed Mr. Vaccaro as a temporary receiver of the marital estate, including the Real Property. In her decision Justice Mackenzie stated "this Court is truly dismayed at the continued recalcitrance of defendant [debtor]...Given the attitude and sense of self entitlement of the defendant [debtor], the

assumption that the parties would cooperate with one another in an afford to move forward was the wrong assumption." (See Order of Justice Carol Mackenzie dated May 3, 2013 annexed hereto as Exhibit "B").

5. By Order dated November 26, 2013, Justice Mackenzie found the Debtor in contempt for failing to comply with her Orders dated March 15, 2013, March 11, 2013 and May 3, 2013. In that decision she found that "Defendant [Debtor] may hide behind her claims of being a victim or convenient ignorance, but it is clear to this Court that she has exercised every possible scenario to avoid effectuating the orders of this Court..." That Court amended the May 3, 2013 Order granting Mr. Vaccaro "all receiver powers to list, market and sell the properties at issue" which included the Real Property. (See Order of Justice Carol Mackenzie dated November 26, 2013 annexed hereto as Exhibit "C").

6. After having had the Debtor removed from the Real Property, on April 8, 2014, Mr. Vaccaro, as Receiver, entered into a contract to sell the Real Property to Patricia M. Frank for the fair market value price of $1,325,000.00. Pursuant to said contract, Ms. Frank paid a downpayment in the amount of $132,500.00. (See Contract of Sale and Appraisal annexed hereto respectively as Exhibits "D" and "E").

7. On May 20, 2014 Mr. Vaccaro moved in the Supreme Court to confirm the contract of sale to Patricia M. Frank. The Court issued an Order granting Mr. Vaccaro, as Receiver, "all the usual, necessary and incidental powers for the purpose of managing, maintaining and selling the property at Harbor Drive for fair market value, including the power to execute on behalf of Maura E. Lynch a deed and all other documents required to transfer marketable title to a third party purchaser...". (See Order of Justice Carol Mackenzie dated May 20, 2014 annexed hereto as Exhibit "F").

8. The Debtor then moved for leave to appeal to the Appellate Division, Second Department and requested a stay of enforcement of the May 20, 2014 Order. Such request for a stay was denied by the Appellate Division. (See Order of the Appellate Division, Second Department dated June 6, 2014 annexed hereto as Exhibit "G").

9. On June 26, 2014 Mr. Vaccaro, in an effort to secure title insurance on the Real Property to comply with his obligations pursuant to the Contract of Sale, again moved for an Order approving the sale of the Real Property to Ms. Frank. The Debtor cross-moved in an attempt to vacate the prior Orders of the Supreme Court, Suffolk County, and other relief. After repeated adjournments, during which Ms. Frank took possession of the Real Property pursuant to an agreement with Mr. Vaccaro, as Receiver, Justice vacated all prior Orders appointing Mr. Vaccaro as Receiver and appointed Stephen O'Brien, Esq., as Receiver and directed him "to take all reasonable steps and measures to prevent waster or mismanagement of the properties..., to carry the judgment into effect and/or dispose of the properties in accordance with the Court's order dated November 26, 2013."

10. In holding the Defendant [Debtor] in contempt, Justice Mackenzie stated "this matter has been pending, pre judgment and post judgment for 5 years. To describe this litigation as prolonged and acrimonious would be an understatement. A nine day trial was conducted and a decision was rendered dated December 12, 2012, a Corrected Decision dated March 15, 2013, and a Judgment of Divorce[1] dated July 8, 2013. The orders rendered by this Court have been clear from the start with the assumption that the parties would abide by same and move forward with their lives. However, certain amendments and further orders were made necessary due to

---

[1] Pursuant to the privacy policies of the Supreme Court of the State of New York, Ms. Frank has not been able to obtain a copy of the Judgment of Divorce entered in the Divorce Action as she is not a party thereto.

the parties' complete inability to communicate with one another and the defendant's [debtor's] persistent efforts to seek loopholes to further support her reasons not to comply with the Court's orders. Further, this Court notes that despite defendants [debtor's] many complaints about the legitimacy of this Court's orders, all of her appeals regarding same have thus far been dismissed nor has she moved to terminate the plaintiff's Receivership." (See Order of Justice Carol Mackenzie dated April 1, 2015 annexed hereto as Exhibit "H").

11. After having qualified as Receiver, on September 15, 2015 Mr. O'Brien moved for an Order approving the sale of the Real Property to Ms. Frank, as well as other relief. On September 24, 2015 Justice Mackenzie once again approved the sale. (See Exhibit "A").

12. Despite the appointment of Mr. O'Brien as Receiver for the Real Property, and without any authority to do so whatsoever, on August 17, 2015 the Debtor issued a "Notice to Quit" to Ms. Frank claiming therein that she was Ms. Frank's "Landlord" and that she had elected to "terminate your occupancy/possession of the above described Premises in ten days." When Ms. Frank refused to vacate the Real Property, the Debtor commenced a summary proceeding against her in Justice Court of the Town of Southampton. (See Notice of Holdover Petition to Recover Possession of Real Property annexed hereto as Exhibit "I").

13. A trial is currently scheduled in the Eviction Proceeding for tomorrow, November 18, 2015 at 10:00 a.m.

14. A foreclosure auction by the first mortgage holder of the Real Property was scheduled for November 13, 2013.

15. On November 9, 2015 the Debtor commenced a voluntary case under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court. Only a skeleton filing was filed by the Debtor which contained no schedules (See Docket No. 1, 3). The Debtor

failed to list Ms. Frank as a creditor of the Estate. The Debtor had previously filed a case under Chapter 13 on November 22, 2011 which was dismissed on January 9, 2012 when the Debtor failed to file any schedules and/or required filings.

16. Since her entry into possession of the Real Property, Ms. Frank has made substantial, necessary repairs to same to prevent the further deterioration of the dwelling which was uninhabitable prior thereto. These included installing a new roof and repairing the bulkhead. To date Ms. Frank has expended in excess of $20,000.00 towards repairs and maintenance of the Real Property.

17. Ms. Frank now seeks an Order granting her relief from the automatic stay so that the sale of the Real Property to her by the Receiver can be consummated.

18. As more fully set forth in the Memorandum of Law submitted herewith, the Debtor has no equity in the Real Property and Ms. Frank has equitable title. Accordingly, there is little to no beneficial equity in the Real Property for the bankruptcy estate.

19. Ms. Frank continues to pay all costs of maintaining the Real Property as a result of the Debtor's default in doing same.

20. By reason of the foregoing, Patricia M. Frank, her agents, nominees, successors and/or assigns should be permitted to take all necessary action to adequately protect her interest in the Real Property.

21. Pursuant to 11 U.S.C. §362(d), a Court may terminate, amend or modify the automatic stay for cause including the lack of adequate protection on an interest in the property of the Debtor.

22. It is requested that in the event that an Order granting the relief form the automatic stay is granted, such Order shall survive any conversion.

23. Ms. Frank specifically requests permission from this Honorable court to communicate with the Debtor and/or the Debtor's attorney to the extent necessary to comply with applicable non-bankruptcy law.

24. In the event that an Order is granted lifting the automatic stay, the Trustee shall receive notice of any surplus monies received.

25. Ms. Frank also requests that this Court issue a temporary stay of the Eviction Action pending a hearing and determination of this Motion as Ms. Frank will be irreparably damaged if she is evicted from the Real Property.  Further, the Real Property will continue to deteriorate as the Debtor has shown a complete and utter disregard of her obligation to maintain same while she was in possession thereof.

26. No previous application has been made for the relief requested herein.

WHEREFORE, Patricia M. Frank requests that this Court enter an Order granting relief from the automatic stay to allow Stephen L. O'Brien, Esq., as Receiver, to proceed with the sale of the Real Property located at 43 Harbor Drive, Sag Harbor, New York pursuant to the Order of the Supreme Court of the State of New York, Suffolk County dated September 24, 2015 in the action entitled Stephen J. Vaccaro v. Maura Lynch under Index No. 38437-2010, that she and/or the Receiver, Stephen L. O'Brien, Esq. be granted permission to communicate with the Debtor and the Debtor's attorney to the extent necessary to comply with applicable non-bankruptcy law; that in the event that an Order granting Relief from the Automatic Stay is granted, that such Order shall survive any conversion, that the Trustee shall receive notice of any surplus monies received; and that a stay be issued pending a hearing and determination of this Application of the eviction proceedings commenced by the Debtor, Maura E. Lynch against Patricia M. Frank in Justice Court of the Town of Southampton entitled Maura Lynch v. Patricia Frank  and such

other and further relief which to this Court shall be just, proper and equitable.

Dated: November 17, 2015
     Islip, New York        /s/ Fredrick P. Stern
                                 FREDRICK P. STERN, PC
                                 By: Fredrick P. Stern, Esq. (FS0882)
                                 *Attorneys for Contract Vendee/Creditor, Patricia M. Frank*
                                 2163 Sunrise Highway
                                 Islip, New York 11751
                                 Telephone (631) 650-9260
                                 Facsimile (631) 650-9259