McBREEN & KOPKO
Kenneth A. Reynolds, Esq.
500 North Broadway, Suite 129
Jericho, New York 11753
(516) 364-1095

*Counsel for Maura E. Lynch*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
In re:

                                                                Chapter 11
      Maura E. Lynch,                             Case No.: 11-74795 (AST)

                      Debtor.
---------------------------------------------------------X

### APPLICATION OF THE DEBTOR FOR AN ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE COMPELLING THE EXAMINATION OF STEPHEN S. VACCARO AND PRODUCTION OF DOCUMENTS

**TO:    THE HONORABLE ALAN S. TRUST**
          **UNITED STATES BANKRUPTCY JUDGE**

Maura E. Lynch, the debtor and debtor in possession (the "Debtor") in the above-captioned bankruptcy case, by and through her attorneys, McBreen & Kopko, as and for this application (the "Application") for entry of an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") compelling the oral examination of and the production of documents by and from Stephen S. Vaccaro ("Vaccaro"), and respectfully sets forth and represents as follows:

### INTRODUCTION

1.      On November 9, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with this Court.

2. This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334. Venue of the Debtor's case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  This is core proceeding under 28 U.S.C. § 157(b)(2).

### RELIEF REQUESTED

3. The Debtor requests that this Court enter an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure compelling Vaccaro to produce the documents set forth on Schedule "A" annexed hereto and requiring Vaccaro to appear for an examination.

4. The purpose for the Rule 2004 examination is to adequately investigate the financial affairs of Vaccaro relative to property of the bankruptcy estate.

5. Bankruptcy Rule 2004 provides that, upon the motion of any party in interest, the court may order the examination of any person relative to the acts, conduct or property of the debtor, or any matter that may affect the administration of the debtor's estate. Bankruptcy Rule 2004 further provides that:

> (a) **Examination of Motion.**  On Motion of any party in interest, the court may order the examination of any person.
>
> (b) **Scope of Examination.**  The examination of any person under this rule…may relate only to the acts, conduct or property or to the liabilities and financial condition of the Debtor, or to any matter which might affect the administration of the Debtor's estate…[t]he examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the Debtor for purposes of consummating a plan and the consideration given or offered therefore, and any other matter relevant to the case or to the formulation of a plan.

Fed. R. Bankr. P. 2004.

6.  Courts have consistently recognized that the scope of Rule 2004 discovery is extraordinarily broad. *See*, *e.g.*, *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993) ("The investigation of an examiner in bankruptcy…is supposed to be a 'fishing expedition,' as exploratory and groping as appears proper to the examiner…"); *In re the Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) ("The scope of this examination is admittedly 'unfettered and broad.'" (citations omitted). Third parties are subject to Rule 2004 discovery "if they possess knowledge of the Debtor's acts, conduct or financial affairs which relate to the bankruptcy proceeding." *Bennett Funding*, 203 B.R. at 27.

7.  In an effort to complete a thorough investigation of Vaccaro's financial affairs, the Debtor believes that it is necessary to effectuate a turnover of all documents relating to and pertaining to the financial condition of Vaccaro Absolutely Appetizing, Inc. d/b/a Twice Upon A Bagel, and Ivy Realty, LLC, which may reflect, among other things, transfers of property of the estate to Vaccaro, revenues generated by estate property not accounted for and/or improperly retained by Vaccaro, and estate properties misused and mismanaged by Vaccaro while appointed receiver[1] over martial properties of Vaccaro and the Debtor.

8.  By virtue of the foregoing, the Debtor respectfully submits that she is entitled to the relief requested herein and that the Court grant the Order annexed hereto as Exhibit "A".

9.  This Application presents no new or novel issues of law and the authorities relied upon are fully set forth herein. Accordingly, the Debtor respectfully

---

[1] The Vaccaro receivership appointment was later vacated on numerous grounds by the Judge presiding over the matrimonial case.

requests that the Court waive the requirement set forth in LBR 9013-1 that a separate memorandum of law be filed in support of this Application.

10.　　No prior motion for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, it is respectfully requested that the Court grant the annexed Order of the Debtor pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, and grant such other and further relief as this Court deems just and proper.

Dated: Jericho, New York
　　　　January 8, 2016

                        McBREEN & KOPKO
                        Attorneys for the Debtor

           By:    */s/ Kenneth A. Reynolds*
                      Kenneth A. Reynolds, Esq.
                      A Member of the Firm
                      500 North Broadway, Suite 129
                      Jericho, New York 11753
                      (516) 364-1095