```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:
                                                            Chapter 7
MAURA E. LYNCH,                                             Case No.: 15-74795-AST

                        Debtor.
----------------------------------------------------------X
```

## ORDER DENYING MOTION FOR RECONSIDERATION OF 2004 ORDER

***General background*[1]**

On November 9, 2015 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). On June 28, 2017, the Court converted her Chapter 11 to Chapter 7; at that time a chapter 7 trustee was appointed as further discussed below.

In her bankruptcy schedules, Debtor listed interests in, *inter alia*, the following real properties: 43 Harbor Drive, Sag Harbor, New York ("Harbor"); 24 Ninevah Place, Sag Harbor, New York ("Ninevah"); 7 East Gate Road, Wainscott, New York 11975 ("Wainscott"); and 90 Alton Road, #2211, Miami Beach, Florida ("Alton", and collectively, the "Properties").[2] [dkt item 19]

As discussed in decisions issued over the course of the numerous proceedings held before this Court and appeals before the District Court and the Second Circuit Court of Appeals, prior to the Petition Date, Debtor had been involved in a long running, acrimonious divorce with her former spouse, Stephen S. Vaccaro ("Vaccaro"), which he commenced against Debtor in 2010

---

[1] The factual background and procedural history are taken from the pleadings, exhibits and other papers submitted by the parties.
[2] All of the Properties have either been administered by the Trustee or abandoned out of the estate.

before the Supreme Court of the State of New York (the "Divorce Action"). The State Court entered a trial order on December 12, 2012, and as corrected on March 15, 2013, which, *inter alia*, directed certain of Debtor's and Vaccaro's properties to be sold and for the sale proceeds to be divided equally among them after all outstanding mortgages, liens, and judgments had been satisfied (the "Trial Order"). Additionally, the State Court made a division of Debtor's interests in Absolutely Appetizing Inc. ("Appetizing"), and Ivy Realty, LLC ("Ivy") to Vaccaro. On May 3, 2013, the State Court entered an order appointing Vaccaro as receiver for certain properties and directed that they be sold. A judgment of divorce was entered on July 26, 2013, as amended on December 23, 2013. On April 1, 2015, the State Court entered an order appointing Stephen O'Brien as the receiver (the "Receiver" or "O'Brien") for certain properties to replace Vaccaro. The acrimony between Debtor and Vaccaro continued post-petition.[3]

*Debtor's 2004 Applications*

On January 8, 2016, Debtor filed an application pursuant to Bankruptcy Rule 2004 for an examination of Vaccaro (the "Vaccaro 2004 Application"). [dkt item 69] Attached to the Vaccaro 2004 Application is a document request identifying 50 categories of documents Debtor seeks from Vaccaro.

---

[3] On November 23, 2015, Vaccaro filed an excusal motion, as amended on November 25, 2015, seeking an order pursuant to 11 U.S.C. § 543(d) excusing the Receiver's compliance with Sections 543(a) and (b) of the Bankruptcy Code that would allow the Receiver to retain possession of certain properties, rather than delivering the property to Debtor. [dkt item 27, 34] On December 22, 2015, the Court entered an Order that excused the Receiver's compliance with §§ 543(a) and (b) with respect to Harbor only and deferred resolution of the relief requested by Vaccaro and the Receiver as to certain other properties to a later date (the "Excusal Order"). [dkt item 56] On March 18, 2016, the Court entered an Order, among other things, authorizing the sale of Harbor to Patricia Frank ("Frank") for the sum of $1,865,000.00 (the "Sale Order"). [dkt item 134] On March 21, 2016, the Court entered an Order which excused the Receiver's compliance with 11 U.S.C. § 543(a) and (b) with respect to Ninevah but not Alton. [dkt item 141] On August 1, 2016, the Court entered an Order terminating the excusal of the Receiver's compliance with 11 U.S.C. § 543(a) and (b). [dkt item 263] Debtor appealed the Excusal Order and Frank appealed, *inter alia*, the Sale Order (the "Appeals"). On March 28, 2017, the District Court dismissed the Appeals in their entirety as moot. [dkt item 361]; *Lynch v. Vaccaro*, 566 B.R. 290, 292 (E.D.N.Y. 2017). On July 17, 2018, the U.S. Court of Appeals for the Second Circuit entered a Summary Order affirming the District Court. [dkt item 734]; *Frank v. Lynch*, 728 F. App'x 71 (2d Cir. 2018).

On January 12, 2016, the Court entered an *ex parte* Order granting Debtor's Vaccaro 2004 Application (the "Vaccaro 2004 Order"). [dkt item 74] Consistent with this Court's standard practice, the Vaccaro 2004 Order was expressly subject to Vaccaro's right to move to quash any subsequently issued subpoena.

On January 19, 2016, the Court so ordered a stipulation between Debtor and Vaccaro in which, among other things, Debtor agreed to not serve any Bankruptcy Rule 2004 subpoenas on Vaccaro before January 29, 2016. [dkt item 76]

On February 4, 2016, the Court so ordered a stipulation between Debtor and Vaccaro in which, among other things, Debtor agreed to not serve any Bankruptcy Rule 2004 subpoenas on Vaccaro before February 12, 2016. [dkt item 89]

On March 18, 2016, Vaccaro filed a motion to quash Debtor's Bankruptcy Rule 2004 subpoena (the "Motion to Quash"). [dkt item 135] The Court held a hearing on the Motion to Quash on September 14, 2016, and adjourned hearings on December 7, 2016, February 15, 2017, March 22, 2017, and June 28, 2017, at which time the Court adjourned the Motion to Quash *sine die* and allowed the parties to renew the issues relating to the Motion to Quash at a later date.

On July 8, 2016, Debtor filed an application for a Bankruptcy Rule 2004 examination of Appetizing and Ivy (together the "Entities", and the "Entities 2004 Application"). [dkt item 247]

On July 16, 2016, the Court entered an Order granting Debtor's Entities 2004 Application (the "Entities 2004 Order"). [dkt item 255] Consistent with this Court's standard practice, the Entities 2004 Order was expressly subject to their right to move to quash any subsequently issued subpoena. No subpoena was apparently issued in connection with the Entities 2004 Order to compel the Entities to produce documents or appear for oral examination.

*Conversion to Chapter 7, appointment of Trustee, and 2004 Order*

On June 28, 2017, the Court entered an Order converting this case to Chapter 7 (the "Conversion Order"). [dkt item 457]

On June 28, 2017, R Kenneth Barnard was appointed as the Chapter 7 Trustee (the "Trustee").

On July 12, 2017, Debtor filed a notice of appeal of the Conversion Order.[4] [dkt item 466]

On December 1, 2017, the Trustee filed a motion seeking an order directing the Debtor to turn over to the Trustee certain financial information that has been requested from Debtor (the "Turn Over Motion"). [dkt item 553] The Trustee asserts, among other things, that Debtor has failed to file tax returns since 2008, and failed to cooperate with the Trustee by providing information from which the Trustee could ascertain the approximate tax liability the bankruptcy estate may have as a result of the post-petition sale of certain property, and the approximate amount of any pre-petition liability Debtor may have to the United States and New York State for unpaid personal income taxes.

On December 12, 2017, Debtor filed a request to adjourn the submission deadlines and hearing dates for, *inter alia*, the Trustee's Turn Over Motion, asserting, among other things, that "she is unable to provide the information [the Trustee] requested without first getting information that was requested from others via 2004 examinations…" [dkt item 564]

---

[4] On September 19, 2018, the District Court entered a Memorandum & Order dismissing Debtor's appeal and affirming the Court's Conversion Order. [dkt item 777] *Lynch v. Barnard*, No. 17-CV-4190 (JS), 2018 WL 4494878, at *1 (E.D.N.Y. Sept. 19, 2018).

After the Trustee made various requests for information from Debtor, on January 16, 2018, Debtor, at that point acting *pro se*,[5] filed her renewed 2004 application to examine Vaccaro and the Entities (the "Renewed 2004 Application").  [dkt item 585]

On January 16, 2018, Debtor filed an opposition to Trustee's motion to sell the Wainscott Property, in which she asserts that a 2004 examination of Vaccaro has not been completed, Vaccaro has submitted numerous false affidavits with the Court, he has misrepresented he was receiver over Debtor's property and that his conduct was detrimental to the estate and led to the conversion of the case to chapter 7.[6]  [dkt item 586]

On January 18, 2018, the Court entered a second amended contested matter scheduling Order (the "Second Amended Scheduling Order"), which provided for, among other things, that any objections to the Renewed 2004 Application must be filed by January 31, 2018, after which time the Renewed 2004 Application would be on submission with the Court.[7]  [dkt item 587]

On January 19, 2018, the Court entered an Order granting the Trustee's Turn Over Motion (the "Turn Over Order") [dkt item 591], directing Debtor within 21 days to turn over to the Trustee certain information related to certain properties.

On January 22, 2018, Debtor filed a request for an adjournment of certain fee applications, in which she asserts that her failure to conduct a 2004 examination of Vaccaro resulted in the Court incorrectly entering an order on March 21, 2016 [dkt item 141], excusing O'Brien from complying with sections 543(a) and (b) of the Bankruptcy Code with respect to the

---

[5] Debtor had been represented by three sets of law firms during the chapter 11 phase, the last of which represented Debtor for a part of the chapter 7 phase.

[6] On April 25, 2018, the Court entered an Order authorizing the Trustee to abandon the Wainscott Property. [dkt item 670]

[7] On January 19, 2018, Debtor filed a Motion seeking to vacate certain provisions of the Second Amended Scheduling Order [dkt item 596]; she did not make any request to change the submission procedures for the Renewed 2004 Application and stated "The remaining provisions of this Order can remain."

Ninevah Property; Debtor asserts her failure to examine Vaccaro ultimately caused the case to get converted to chapter 7.  [dkt item 603]

On January 31, 2018, Vaccaro filed a supplemental affirmation in support of his Motion to Quash the Renewed 2004 Application (the "Supplement to Quash").  [dkt item 606]

On February 23, 2018, the Court entered an Order (the "2004 Order") granting in part Debtor's Renewed 2004 Application.[8]  [dkt item 613]

On March 12, 2018, Debtor filed a motion on shortened notice seeking reconsideration and/or re-argument of the 2004 Order (the "Motion to Reconsider").  [dkt item 628]

On March 22, 2018, the Court entered an Order providing that any responses to the Motion to Reconsider shall be filed by no later than April 6, 2018, after which time the Motion to Reconsider shall be on submission with the Court.  [dkt item 639]

On April 6, 2018, Vaccaro filed an opposition to the Motion to Reconsider (the "Vaccaro Opposition").  [dkt item 647]

*Legal Analysis*

The Motion to Reconsider should be considered under Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which incorporates Rule 59 of the Federal Rules of Civil Procedure ("FRCP").  A motion to reconsider is properly considered under FRCP 59, which is incorporated into bankruptcy proceedings by Bankruptcy Rule 9023. *See Woodard v. Hardenfelder*, 845 F. Supp. 960, 964-67 (E.D.N.Y. 1994) ("The Second Circuit has noted that 'most substantive motions brought within ten days of the entry of judgment are functionally motions under Rule 59(e), regardless of their label or whether relief might also have been obtained under another provision'") (citing *McCowan v. Sears, Roebuck & Co.*, 908 F.2d 1099,

---

[8] The 2004 Order was docketed on February 26, 2018.

1103 (2d Cir. 1990)); *In re Jamesway Corp.*, 203 B.R. 543, 545-46 (Bankr. S.D.N.Y. 1996). Bankruptcy Rule 9023 provides "[e]xcept as provided in this rule and Rule 3008, Rule 59 [of the Federal Rules of Civil Procedure] applies in cases under the Code. A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment." Here, the Court docketed the 2004 Order on February 26, 2018; Debtor filed her Motion to Reconsider on March 12, 2018, which is within the 14 days prescribed by Bankruptcy Rule 9023.

Additionally, Debtor asserts that the Motion to Reconsider should be considered under Rule 60(b) of the FRCP as incorporated by Bankruptcy Rule 9024, which provides for, among other things, that the court may relieve a party from an order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). *See In re Coughlin*, 568 B.R. 461, 474 (Bankr. E.D.N.Y. 2017).

Accordingly, the Court will deem the Motion to Reconsider to be one under FRCP 59(e) and 60(b) as incorporated by Bankruptcy Rules 9023 and 9024.

***The Motion to Reconsider should be denied under FRCP 59(e)***

Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked"—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. *Rafter v. Liddle*, 288 Fed. Appx. 768, 769 (2d Cir. 2008) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also Ramratan v. N.Y. City Bd. of Elecs.*, No. 06-cv-4770, 2006 U.S. Dist. LEXIS 64644, at *3 (E.D.N.Y. Sept. 11, 2006) (citing *JP Morgan Chase Bank v. Cook*, 322 F. Supp.2d 353, 354 (S.D.N.Y. 2004)); *Liberty Mut. Ins. Co. v. New York (In re Citron)*, 433 B.R. 62, 65 (Bankr. E.D.N.Y. 2010). Motions to reconsider under Bankruptcy Rule 9023, as motions to

reconsider under Federal Rule of Civil Procedure 59, "are not vehicles for 'taking a second bite at the apple[.]' " *Rafter*, 288 Fed. Appx. at 769 (citing *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). Facts that are not in the record of the original hearing cannot be said to be facts that the court "overlooked." *Rafter*, 288 Fed. Appx. at 769. Debtor bears the burden of establishing that there were controlling decisions or data that the Court overlooked which might reasonably be expected to alter the conclusion reached by the Court. Debtor has not met that burden.

In the Motion to Reconsider, Debtor has pointed to no facts or case law which were overlooked by this Court in rendering its lengthy decision in connection with the Renewed 2004 Application as to Vaccaro and the Entities. The Motion to Reconsider seems to request a "do-over" of the Renewed 2004 Application and Debtor has failed to provide this Court with any analysis or case law that warrants any supplement to any of the Court's decisions. Debtor's arguments that the Court overlooked her allegations about Vaccaro's actions and representations in connection with the appointment of receivers over estate property is simply unfounded; Debtor made many of these same allegations during litigation throughout this case [see dkt items 95, 96], which have been addressed by prior orders of the Court [dkt items 56, 141], appealed in whole or in part by Debtor and subsequently affirmed by the District Court [dkt item 361] and the United States Court of Appeals for the Second Circuit [dkt item 734].[9] *Lynch v. Vaccaro*, 566 B.R. 290, 299 (E.D.N.Y. 2017), *aff'd sub nom. Frank v. Lynch*, 728 F. App'x 71 (2d Cir. 2018). Additionally, Debtor's assertions that Vaccaro's actions caused the Court to improperly

---

[9] In affirming the bankruptcy court decision, the District Court stated "the Court would affirm the Excusal Order on its merits based on the Bankruptcy Court's factual findings at the December 10, 2015 evidentiary hearing pertaining to Lynch's mismanagement of Harbor Drive. In light of those findings, which are free of clear error, the Bankruptcy Court did not abuse its discretion in excusing O'Brien's compliance with Sections 543(a) and (b) to protect the creditors' best interests." *Lynch v. Vaccaro*, 566 B.R. 290, n.4.

8

enter the Conversion Order is a disguised attempt to relitigate the Conversion Order, which Debtor had a fair opportunity to litigate, appealed, and this Court's decision was affirmed by the District Court. [dkt item 777]

***The Motion to Reconsider should be denied under FRCP 60(b)***

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. Pro. 60(b). In deciding a Rule 60(b) motion, "a court must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality."[10] *Kotlicky v. United States Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987).

In the Second Circuit, the reference to "mistake" in Rule 60(b)(1) has been held to include mistakes made by the court. *See Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977) (citing *Tarkington v. United States Lines Co.*, 222 F.2d 358, 360 (2d Cir. 1955)); *In re Old Carco LLC*, 423 B.R. 40, 45 (Bankr. S.D.N.Y. 2010), *aff'd*, No. 10 CIV. 2493 (AKH), 2010 WL 3566908 (S.D.N.Y. Sept. 14, 2010), *aff'd sub nom.*, *Mauro Motors Inc. v. Old Carco LLC*, 420 Fed. Appx. 89 (2d Cir. 2011); *Coughlin*, 568 B.R. at 477. Further, the Second Circuit

---

[10] Several courts have found that bankruptcy court orders in regards to discovery, including Rule 2004 orders, are not final orders for purposes of appeals to district courts. *Hongkong & Shanghai Banking Corp. Ltd. v. Brandt for CFG Peru Investments Pte. Ltd. (Singapore)*, No. 17-CV-6672 (VEC), 2017 WL 6729191, at *2 (S.D.N.Y. Dec. 29, 2017) (citing *In re Towers Fin. Corp.*, 164 B.R. 719, 720 (S.D.N.Y. 1994); *In re Royce Homes LP*, 466 B.R. 81, 89 (S.D. Tex. 2012)). As Debtor has failed to meet her burden regarding the Motion to Reconsider, the Court will not address whether the 2004 Order was a final order for purposes of Rule 60(b).

acknowledges that Rule 60(b) is not a substitute for a direct appeal from an erroneous judgment, and that a court may employ Rule 60(b)(1) to correct its own substantive error, whether a mistake of law or mistake of fact. *Old Carco*, 423 B.R. at 47; *Coughlin*, 568 B.R. at 477.

As Chief Judge Craig of this Court has stated, "The term 'mistake' as used in Rule 60(b)(1) refers to an excusable litigation mistake or a court's substantive mistake in law or fact. Excusable neglect is an 'elastic concept,' that considers all relevant circumstances, including prejudice to the non-movant, length of the delay, potential impact on judicial proceedings, reason for the delay (including whether it was within the control of the movant), and whether the movant acted in good faith." *In re Wassah*, 417 B.R. 175, 183 (Bankr. E.D.N.Y. 2009) (internal citations omitted); *Coughlin*, 568 B.R. at 477.

Debtor asserts the Court made certain mistakes regarding the calculation of time Debtor's case was in its chapter 11 phase, and the interpretation of certain orders entered in the Divorce Action; however, Debtor has failed to point to a substantive mistake in law or fact that this Court made in rendering its lengthy decision in connection with the 2004 Order.

Additionally, Debtor asserts that the actions of her numerous prior counsel prevented her from pursuing the Bankruptcy Rule 2004 motions as to Vaccaro and the Entities. Even if any of her prior three sets of lawyers made any such mistakes, which this Court does not find, the Second Circuit has "consistently declined to relieve a client under subsection (1) of the 'burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court, or his inability to efficiently manage his caseload.' " *Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986) (citations omitted). "This is because a person who selects counsel cannot thereafter avoid the consequences of the agent's acts or omissions." *Id*. (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633–34, 82 S.

Ct. 1386, 1390, 8 L.Ed.2d 734 (1962)). *See Gonzalez v. Gannett Satellite Info. Network, Inc.*, 903 F. Supp. 329, 332 (N.D.N.Y. 1995), *aff'd*, 101 F.3d 109 (2d Cir. 1996).

Additionally, Debtor asserts that Vaccaro's pre-petition and post-petition actions toward Debtor and property of the estate, along with his submissions to the state court in the Divorce Action and this Court, constitutes fraud, misrepresentation, or misconduct warranting expanding the 2004 Order to entitle Debtor to further examination of Vaccaro and the Entities. "To prevail under Rule 60(b)(3), a movant must show that the alleged fraud, misrepresentation or other misconduct precluded it from fully and fairly presenting its case." *Old Carco*, 423 B.R. at 50 (citing *State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004)). The Second Circuit has held that in order for a party to prevail on a Rule 60(b)(3) motion for fraud, misrepresentation, or misconduct by an opposing party, the fraud or misrepresentation alleged must be shown by clear and convincing evidence. *Nederlandsche Handel-Maatschappij, N. V. v. Jay Emm, Inc.*, 301 F.2d 114, 115 (2d Cir. 1962). "[E]ven if its adversary misrepresents certain relevant information or fails to disclose such information, a party who itself has access to such information cannot establish fraud under Rule 60(b)(3) because it cannot establish that its opponent's misrepresentation or failure to disclose prevented it from fully and fairly presenting its case."[11] *Old Carco*, 423 B.R. at 50.

Debtor has failed to meet her burden of proof by clear and convincing evidence that Vaccaro's actions precluded her of an opportunity to fully and fairly present her case in

---

[11] Although Debtor alleges various frauds committed by Vaccaro, Debtor's request for relief under Rule 60 is limited to Rule 60(b) and does not request relief under Rule 60(d)(3), which provides that "This rule does not limit a court's power to: … (3) set aside a judgment for fraud on the court." Even if Debtor had asserted fraud upon the Court under Rule 60(d)(3), she has not met her heightened burden of alleging "the most egregious misconduct directed to the court itself, such as bribery of a judge or jury, or fabrication of evidence by counsel." *Old Carco*, 423 B.R. at 54.

connection with the 2004 Order.  Her allegations are simply a continuation of her litigation with her former spouse and her efforts to impede the administration of this bankruptcy estate.

Therefore, the Motion to Reconsider lacks legal merit and should be denied.

Accordingly, it is hereby

**ORDERED**, that pursuant to Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure, which incorporates FRCP 59 and 60, the Motion to Reconsider is denied; and it is further

**ORDERED**, that the Clerk of the Court shall serve this Order upon Debtor and all appearance parties.



**Dated: November 19, 2018**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**