UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

MAURA E. LYNCH,

                      Debtor.

-----------------------------------------------------------X

Chapter 7

Case No.: 15-74795-AST

# ORDER DENYING DEBTOR'S MOTION
# TO RECONSIDER FINAL COMPENSATION ORDERS

*General Background*[1]

On November 9, 2015, Maura E. Lynch ("Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

On June 28, 2017, the Court entered an Order converting the above-captioned case to a case under Chapter 7 of the Bankruptcy Code. [dkt item 457]  On June 28, 2017, R Kenneth Barnard was appointed as the Chapter 7 Trustee (the "Trustee").

On March 28, 2019, Debtor received her chapter 7 discharge. [dkt item 893]

*Debtor's chapter 11 counsels, compensation orders, and Debtor's Motion to Reconsider*

During the chapter 11 phase of Debtor's above-captioned case, Debtor was represented by three sets of attorneys.

On November 13, 2015, Debtor filed an application to employ McBreen & Kopko ("M&K") as Debtor's Counsel. [dkt item 10]

On November 30, 2015, the Court entered an Order granting Debtor's application to employ M&K. [dkt item 36]

---

[1] The factual background and procedural history are taken from the pleadings, exhibits and other papers submitted by the parties.

On April 11, 2016, Debtor filed an application to retain SilvermanAcampora, LLP ("SA") as Debtor's Counsel and terminate the retention of M&K. [dkt item 177]

On April 15, 2016, the Court entered an Order authorizing Debtor to retain SA and terminating M&K as Debtor's attorney. [dkt item 178]

On November 10, 2016, SA filed an interim application for compensation (the "SA Interim Application"). [dkt item 296]

On December 5, 2016, Stephen S. Vaccaro ("Vaccaro") filed a statement and reservation of rights to the SA Interim Application. [dkt item 302]

On December 5, 2016, SA filed a response to Vaccaro's statement and reservation of rights. [dkt item 303]

On December 7, 2016, the Court held a hearing on the SA Interim Application.

On December 22, 2016, the Court entered an Order granting in part the SA Interim Application and scheduling a continued hearing on the SA Interim Application for February 15, 2017 (the "SA Interim Order"). [dkt item 315]

On February 15, 2017, the Court held a continued hearing on the SA Interim Application.

On February 17, 2017, SA filed an emergency motion to withdraw as counsel of record for Debtor; and to compel payment of the $90,000 in fees and expenses previously ordered to be paid (the "SA Motion to Withdraw"). [dkt item 333]

On February 23, 2017, the Court entered its Amended Order to Show Cause directing Debtor to show cause on March 7, 2017 why the Court should not enter an order (a) authorizing SA to withdraw as counsel of record for the Debtor; and (b) compelling payment of Court approved fees and expenses (the "SA OSC"). [dkt item 338]

On March 7, 2017, Debtor filed an affirmation in opposition to the SA Motion to Withdraw. [dkt item 344]

On March 7, 2017, the Court held a hearing on the SA OSC.

On March 13, 2017, the Court entered an Order granting the SA Motion to Withdraw and directing Debtor, within 5 business day of entry of the Order, to remit to SA $90,000.00. [dkt item 348]

On March 15, 2017, Vaccaro filed a limited objection to the SA Interim Application. [dkt item 350]

On March 17, 2017, SA filed a second statement in further support of the SA Interim Application. [dkt item 351]

On March 21, 2017, Debtor filed an application to retain White & Wolnerman, PLLC ("WW") as counsel for Debtor. [dkt item 353]

On March 22, 2017, the Court held a continued hearing on the SA Interim Application.

On April 13, 2017, SA filed its second and final application for allowance of compensation (the "SA Final Application"). [dkt item 369]

On April 13, 2017, M&K filed its application for first and final application for allowance of compensation (the "M&K Final Application" and together with the SA Final Application, the "Final Applications"). [dkt item 370]

On April 19, 2017, the Court entered a contested matter scheduling order, which among other things, scheduled an evidentiary hearing on the Final Applications and any timely filed objections for May 10, 2017 (the "Final Applications Hearing"). [dkt item 373]

On April 28, 2017, the Court entered an Order authorizing the Debtor's retention of WW as Debtor's counsel. [dkt item 380]

On May 1, 2017, Debtor filed a motion to adjourn the Final Applications Hearing (the "Debtor's Motion to Adjourn"). [dkt item 383]

On May 3, 2017, SA filed an affidavit of direct testimony of Jay S. Hellman. [dkt item 388]

On May 3, 2017, SA filed an affidavit of direct testimony of Gerard R. Luckman. [dkt item 389]

On May 3, 2017, Vaccaro filed an objection to the Final Applications. [dkt item 392]

On May 3, 2017, M&K filed an affidavit of direct testimony of Kenneth A. Reynolds, as amended on May 4, 2017. [dkt items 393, 396]

On May 8, 2017, WW filed an application to withdraw as counsel for Debtor. [dkt item 401]

On May 9, 2017, the Court entered an Order denying Debtor's Motion to Adjourn. [dkt item 404]

On May 10, 2017, the Court held the Final Applications Hearing at the conclusion of which the Court took the Final Applications under submission.

On May 22, 2017, the Court conducted a ruling conference on the Final Applications.

On May 26, 2017, the Court entered an Order granting the M&K Final Application (the "M&K Final Compensation Order") [dkt item 426], which provides:

> ORDERED, that M&K is awarded final fees in the amount of $140,000.00, and final expenses in the amount of $4,670.76; M&K shall apply is pre-petition retainer received in the amount of $23,733.00, which leaves a balance due of $120,937.76; and it is further
>
> ORDERED, that of the fees awarded to M&K, Debtor shall pay $108,000.00 in fees and all allowed expenses of $4,670.76, for a total of $112,670.76, to be paid to M&K immediately upon entry of this Order from the ½ of the sales proceeds from the sale of 43 Harbor Drive in which Stephen Vaccaro does not assert an interest and rental proceeds from 7 East Gate; and it is further

> ORDERED, that the remaining fees shall be paid to M&K upon further Order of this Court.

On May 26, 2017, the Court entered an Order granting the SA Final Application (the "SA Final Compensation Order" and together with the M&K Final Compensation Order, the "Final Compensation Orders"). [dkt item 427] The SA Final Compensation Order provides:

> SA is awarded final fees in the amount of $230,000.00 and final expenses in the amount of $3,429.40, S&A has thus far received $111,741.91 in fees and $3,258.09 in expenses, leaving a balance due of $118,429.40; and it is further
>
> ORDERED, that of the fees awarded to SA, Debtor shall pay an additional $95,000.00 in fees and expenses of $171.31, for a total of $95,171.31, to be paid to SA immediately upon entry of this Order from the ½ of the sales proceeds from the sale of 43 Harbor Drive in which Stephen Vaccaro does not assert an interest and rental proceeds from 7 East Gate; and it is further
>
> ORDERED, that the remaining fees shall be paid to SA upon further Order of this Court.

Debtor did not appeal either of the Final Compensation Orders.

On June 28, 2017, the Court entered an Order converting this case to a case under Chapter 7 of the Bankruptcy Code. [dkt item 457]

On August 4, 2017, the Court entered an Order granting WW's motion to withdraw as Debtor's Counsel.[2]

On May 29, 2018, Debtor filed a motion seeking reconsideration and/or re-argument of the Final Compensation Orders (the "Motion to Reconsider"). [dkt item 686]

On November 20, 2019, the Court entered an Order concerning the Motion to Reconsider, which provided that any responses to the Motion to Reconsider shall be filed by no

---

[2] After the entry of the Order, Debtor proceeded *pro se* until April 9, 2019, when she filed a second chapter 11 case, assigned case number 19-72595, in which Debtor obtained new chapter 11 counsel.

later than December 14, 2018, after which time the Motion to Reconsider will be on submission with the Court. [dkt item 787]

On December 14, 2018, SA filed an objection to the Motion to Reconsider (the "SA Objection"). [dkt item 810]

On December 14, 2018, Vaccaro filed a statement in support of the Motion to Reconsider (the "Vaccaro Statement in Support").[3] [dkt item 812]

On December 14, 2018, M&K filed a joinder to the SA Objection (the "M&K Objection"). [dkt item 813]

### *Debtor's Request to Reconsider the Final Compensation Orders*

Debtor requests that the Court reconsider the Court's May 26, 2017 Final Compensation Orders. The Debtor's request should be considered under Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which incorporates Rule 59 of the Federal Rules of Civil Procedure ("FRCP"). A motion to reconsider is properly considered under FRCP 59, which is incorporated into bankruptcy proceedings by Bankruptcy Rule 9023. *See Woodard v. Hardenfelder*, 845 F. Supp. 960, 964-67 (E.D.N.Y. 1994) ("The Second Circuit has noted that 'most substantive motions brought within ten days of the entry of judgment are functionally motions under Rule 59(e), regardless of their label or whether relief might also have been obtained under another provision'") (citing *McCowan v. Sears, Roebuck & Co.*, 908 F.2d 1099, 1103 (2d Cir. 1990)); *In re Jamesway Corp.*, 203 B.R. 543, 545-46 (Bankr. S.D.N.Y. 1996). Bankruptcy Rule 9023 provides "[e]xcept as provided in this rule and Rule 3008, Rule 59 [of the

---

[3] In the Vaccaro Statement of Support, Vaccaro states that he "takes no position as to whether reconsideration should be granted based upon any of the Debtor's specific claims . . . Rather, as more fully set forth in Vaccaro's pending motion for turnover (the "Turnover Motion") (Doc. No. 793), Vaccaro believes that there is a strong likelihood that Silverman and M&K were paid out of assets that were not property of the estate and that reconsideration is warranted pending determination as to Vaccaro's rights in said assets." The Court is not making a determination as to whether SA or M&K were paid out of non-estate assets. Additionally, Vaccaro's Turnover Motion has been settled pursuant to an Order entered on June 14, 2019. [dkt item 922]

Federal Rules of Civil Procedure] applies in cases under the Code. A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment." Here, the Court entered the Final Compensation Orders on May 26, 2017; Debtor filed her Motion to Reconsider on May 29, 2018, which is substantially outside the 14 days prescribed by Bankruptcy Rule 9023. Therefore, the Motion is denied as untimely, but will be addressed as if timely.

Additionally, Debtor asserts that her request for reconsideration should be considered under Rule 60(b) of the FRCP as incorporated by Bankruptcy Rule 9024, which provides for, among other things, that the court may relieve a party from an order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). *See In re Coughlin*, 568 B.R. 461, 474 (Bankr. E.D.N.Y. 2017).[4]

Federal Rule of Civil Procedure 60(c)(1) provides for the timing and effect of a motion under Rule 60(b) and provides "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. Pro. 60(c). Here, the Court entered the Final Compensation Orders on May 26, 2017 and Debtor filed her Motion to Reconsider on May 29, 2018, which is more than a year after the entry of the Final Compensation Orders. Accordingly, Debtor's Motion to Reconsider as it pertains to Rule 60(b)(1)-(3) is denied as untimely. The Court will, however, address the merits of Debtor's Motion as if timely.

---

[4] Debtor's request for relief under Rule 60 is limited to Rule 60(b) and does not request relief under Rule 60(d)(3), which provides that "This rule does not limit a court's power to: . . . (3) set aside a judgment for fraud on the court." Even if Debtor had asserted fraud upon the Court under Rule 60(d)(3), she has not met her heightened burden of alleging "the most egregious misconduct directed to the court itself, such as bribery of a judge or jury, or fabrication of evidence by counsel." *In re Old Carco LLC*, 423 B.R. 40, 54 (Bankr. S.D.N.Y. 2010), *aff'd*, No. 10 CIV. 2493 (AKH), 2010 WL 3566908 (S.D.N.Y. Sept. 14, 2010), *aff'd sub nom.*, *Mauro Motors Inc. v. Old Carco LLC*, 420 Fed. Appx. 89 (2d Cir. 2011).

***Debtor's request is denied under FRCP 59(e)***

Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked"—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. *Rafter v. Liddle*, 288 Fed. Appx. 768, 769 (2d Cir. 2008).  This Court has published several opinions concerning this standard. *See Liberty Mut. Ins. Co. v. New York (In re Citron)*, 433 B.R. 62, 65 (Bankr. E.D.N.Y. 2010).  Motions to reconsider under Bankruptcy Rule 9023, as motions to reconsider under Federal Rule of Civil Procedure 59, "are not vehicles for 'taking a second bite at the apple[.]' " *Rafter*, 288 Fed. Appx. at 769 (citing *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).  Facts that are not in the record of the original hearing cannot be said to be facts that the court "overlooked." *Rafter*, 288 Fed. Appx. at 769.  Debtor bears the burden of establishing that there were controlling decisions or data that the Court overlooked which might reasonably be expected to alter the conclusion reached by the Court.  Debtor has not met that burden.

Debtor has pointed to no facts or case law which were overlooked by this Court in rendering its ruling in connection with the Final Applications.  Debtor's request instead seeks t a "do-over" of the Final Applications and Debtor has failed to provide this Court with any analysis or case law that warrants any supplement to any of the Court's decisions.

***Debtor's request is also denied under FRCP 60(b)***

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;

>    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>    (6) any other reason that justifies relief.

Fed. R. Civ. Pro. 60(b).

In deciding a Rule 60(b) motion, "a court must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality." *Kotlicky v. United States Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987).

In the Second Circuit, the reference to "mistake" in Rule 60(b)(1) has been held to include mistakes made by the court. *See Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977) (citing *Tarkington v. United States Lines Co.*, 222 F.2d 358, 360 (2d Cir. 1955)); *In re Old Carco LLC*, 423 B.R. 40, 45 (Bankr. S.D.N.Y. 2010), *aff'd*, No. 10 CIV. 2493 (AKH), 2010 WL 3566908 (S.D.N.Y. Sept. 14, 2010), *aff'd sub nom.*, *Mauro Motors Inc. v. Old Carco LLC*, 420 Fed. Appx. 89 (2d Cir. 2011); *Coughlin*, 568 B.R. at 477. Further, the Second Circuit acknowledges that Rule 60(b) is not a substitute for a direct appeal from an erroneous judgment, and that a court may employ Rule 60(b)(1) to correct its own substantive error, whether a mistake of law or mistake of fact. *Old Carco*, 423 B.R. at 47; *Coughlin*, 568 B.R. at 477.

Debtor has failed to point to a substantive mistake in law or fact that this Court made in rendering its decision in connection with any of the Final Compensation Orders. Additionally, Debtor has failed to identify newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b).

Additionally, Debtor asserts that her counsel at the time, WW, failed to submit timely opposition to the Final Applications, failed to obtain an adjournment of the Final Applications Hearing, was seeking to withdraw as Debtor's counsel at the time of the Final Applications Hearing, and did not properly represent Debtor at the Final Applications Hearing. The Court

does not find that WW made a mistake or an omission. Although WW had filed its application to withdraw on May 8, 2017, it remained Debtor's Counsel through August 4, 2017 and represented Debtor during several matters including the conversion of this case to chapter 7. The Second Circuit has "consistently declined to relieve a client under subsection (1) of the 'burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court, or his inability to efficiently manage his caseload.'" *Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986) (citations omitted). "This is because a person who selects counsel cannot thereafter avoid the consequences of the agent's acts or omissions." *Id*. (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633–34, 82 S. Ct. 1386, 1390, 8 L.Ed.2d 734 (1962)). *See Gonzalez v. Gannett Satellite Info. Network, Inc.*, 903 F. Supp. 329, 332 (N.D.N.Y. 1995), *aff'd*, 101 F.3d 109 (2d Cir. 1996).

In addition, Debtor has filed numerous pleadings as a pro se debtor and could easily have filed her motion to reconsider on a timely basis just as she has on an untimely basis

Debtor also asserts that at the Final Applications Hearing, M&K provided false testimony that it provided Debtor with "oral" bills during the time it represented Debtor. "To prevail under Rule 60(b)(3), a movant must show that the alleged fraud, misrepresentation or other misconduct precluded it from fully and fairly presenting its case." *Old Carco*, 423 B.R. at 50 (citing *State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004)). The Second Circuit has held that in order for a party to prevail on a Rule 60(b)(3) motion for fraud, misrepresentation, or misconduct by an opposing party, the fraud or misrepresentation alleged must be shown by clear and convincing evidence. *Nederlandsche Handel-Maatschappij, N. V. v. Jay Emm, Inc.*, 301 F.2d 114, 115 (2d Cir. 1962). "[E]ven if its adversary misrepresents certain relevant information or fails to disclose such information, a party who itself has access to

such information cannot establish fraud under Rule 60(b)(3) because it cannot establish that its opponent's misrepresentation or failure to disclose prevented it from fully and fairly presenting its case." *Old Carco*, 423 B.R. at 50. Debtor has failed to meet her burden of proof by clear and convincing evidence that any party's actions precluded her of an opportunity to fully and fairly present her case in connection with the Final Applications Hearing. Further, the Court rendered its decisions on M&K's fees on the substantial written billing statements that were presented to it as part of the record on the M&K Application. [dkt item 370]

Therefore, the request to reconsider the Final Compensation Orders lacks legal merit and should be denied.

Accordingly, it is hereby

**ORDERED**, that pursuant to Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure, which incorporates FRCP 59 and 60, the Motion to Reconsider is denied; and it is further

**ORDERED**, that the Clerk of the Court shall serve this Order upon Debtor.



Dated: September 20, 2019
**Central Islip, New York**

_____
**Alan S. Trust
United States Bankruptcy Judge**