UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

MAURA E. LYNCH,

                 Debtor.

Chapter 7
Case No. 15-74795-AST

-----------------------------------------------------------x

R. KENNETH BARNARD, SOLELY IN HIS
CAPACITY AS THE CHAPTER 7 TRUSTEE OF
THE ESTATE OF MAURA E. LYNCH,

                 Plaintiff,

         -against-

CITIBANK, N.A., and
CITIMORTGAGE, INC.,

                 Defendants.

Adv. Pro. No. 19-08119-AST

-----------------------------------------------------------x

### DECISION AND ORDER APRROVING STIPULATION OF SETTLEMENT BY AND AMONG THE CHAPTER 7 TRUSTEE AND DEFENDANTS CITIBANK, N.A., AND CITIMORTGAGE, INC.

Pending before the Court is the approval of the settlement between the plaintiffs and the defendants and the objections filed by the debtor, Maura Lynch, and her father, creditor John Lynch. The Court overrules the objections and approves the settlement agreement attached to the motion to compromise because the debtor lacks standing to object, her father's objection is without merit, and the settlement is within the range of reasonableness as required under Bankruptcy Rule 9019.

### JURISDICTION AND VENUE

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and 1334(b), and the Standing Orders of Reference in effect in the Eastern District of New York dated August 28, 1986, and as amended on December 5, 2012, but made effective *nunc pro tunc* as of June 23, 2011.

1

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

The history of Debtor's bankruptcy case and various events herein have been addressed by this and appellate courts in multiple decisions. *See e.g. Lynch v. Vaccaro*, 566 B.R. 290 (E.D.N.Y. 2017), aff'd sub nom. *Frank v. Lynch*, 728 F. App'x 71 (2d Cir. 2018) (affirming that Debtor's appeal of the sale order for 43 Harbor Drive, Sag Harbor, New York was moot under Section 363(m)); *Lynch v. Barnard*, 590 B.R. 30 (E.D.N.Y. 2018), aff'd sub nom. *In re Lynch*, 795 F. App'x 57 (2d Cir. 2020) (holding that the bankruptcy court did not abuse its discretion in converting Debtor's case to chapter 7); *Lynch v. Barnard*, No. 15-BK-74795 (AST), 2020 WL 1812504 (E.D.N.Y. Apr. 9, 2020) (denying Debtor's leave to file an interlocutory appeal and denying Debtor's appeal for lack of jurisdiction). This Court will now only address the history most relevant to this decision.

On November 9, 2015 ("Petition Date"), Debtor filed a voluntary petition ("Petition") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), which was later converted to chapter 7 on June 28, 2017.

In her original petition, Debtor listed a fee simple ownership in a real property located at 43 Harbor Drive, Sag Harbor, New York 11963 ("Harbor Drive Property"). In Debtor's Schedule F, she listed her father, John Lynch, as an unsecured creditor owed $168,000. [dkt item 19] According to Debtor's Schedule D, the Harbor Drive Property was encumbered by two mortgages; a first mortgage was held by New York Mortgage Trust in the scheduled amount of $756,000, and a second mortgage was held by CitiMortgage, Inc ("CitiMortgage") in the disputed amount of $304,000.00. [dkt item 19][2] The CitiMortgage mortgage arose on or about March 15, 2006, when Debtor executed a Home Equity Line of Credit Individual Transaction Mortgage in favor of

---

[1] The factual background and procedural history are taken from the pleadings and exhibits submitted by the parties.
[2] Debtor's Schedule D lists the second mortgage as disputed but does not list it as contingent or unliquidated.

Citibank, N.A. ("Citibank") with a credit limit not to exceed $308,000.00. This mortgage was recorded in the Office of the Clerk of Suffolk County on May 19, 2006 at Liber M00021302 of Mortgages at page 10.

On March 18, 2016, during the pendency of the Chapter 11 case, this court entered an Order *Accepting the Auction of the Debtor's Real Property at 43 Harbor Drive, Sag Harbor, New York and Authorizing the Sale Thereof* and confirming the results of an auction sale of the Harbor Drive Property [dkt. item 134][3] ("Sale Order"). According to the Sale Order, the Harbor Drive Property would be free and clear of all liens, claims, encumbrances and interests with all liens, claims, interests, and encumbrances to attach to the proceeds of the sale. The Harbor Drive Property was sold during the Chapter 11 period.

On March 31, 2016, the Court entered an *Order Regarding Disbursement of Proceeds from Sale of Debtor's Real Property at 43 Harbor Drive, Sag Harbor, New York*. [dkt. item 173] This Order addressed the filing of proof of claims for creditors who had filed claims as of entry of the Order. CitiMortgage did not file a proof of claim.

On May 20, 2016, the Court entered a *Second Order Regarding Disbursement of Proceeds from Sale of Debtor's Real Property at 43 Harbor Drive, Sag Harbor, New York*. [dkt. item 223] In the Second Order, the Court specifically ordered that no disbursements were to be made on account of CitiMortgage except by the further Order of Court. CitiMortage did not file a proof of claim.

Subsequently, by Order dated June 28, 2017 ("Conversion Date"), Debtor's Chapter 11 case was converted to Chapter 7 of the Bankruptcy Code. [dkt. item 457]

---

[3] Pleadings in the main case will be referenced as dkt item _; pleadings in this adversary will be referenced as adv. dkt item_.

On December 4, 2017, John Lynch filed claim number 22 in the Claim Register, asserting an unsecured claim in the amount of $168,000. No party to this dispute has challenged his status as a creditor holding an allowable claim.

Due to the disputed nature of the Citibank Mortgage, the Chapter 7 Trustee (the "Trustee") is now holding approximately $381,000 of the Harbor Drive Property sale proceeds.

As is further discussed below, on May 17, 2018, the Court entered an order holding, *inter alia*, that Debtor had failed to establish that this is a surplus estate (the "May 2018 Order"). [dkt. item 681]

On September 19, 2019, the Trustee commenced this adversary proceeding, against Citibank, N.A. ("Citibank'), and CitiMortgage, Inc. ("CitiMortgage", collectively, the "Defendants"). The Trustee asserts claims for relief pursuant to New York Real Property Actions and Proceeding Law ("RPAPL") Article 15 to secure a declaratory judgment avoiding, cancelling, and discharging the note and mortgage of record with respect to the Harbor Drive Property, and attacking the nature, extent, and validity of the purported lien that affects the Harbor Drive Property. [adv. dkt item 1]

On October 18, 2019, Defendants filed an Answer and Counterclaim. [adv. dkt item 5] Defendants raised affirmative defenses that include: (i) defendant, Citibank, as the holder of the mortgage, was not listed as a creditor in the petition and as such was not provided with notice of various Court Orders, notices, and motions; (ii) pursuant to Fed. R. Bankr. Pro 3002 that the failure to file a proof of claim does not result in the avoidance of a mortgage lien; (iii) the fact of Citibank being the holder of record of the Citibank Mortgage was or should have been known to Debtor and the Trustee; and (iv) equity should prevent the avoidance of Citibank's Mortgage as to do so would result in an unjust windfall to the estate, which has not been prejudiced by alleged action of

CitiMortgage. [adv. dkt item 5] Citibank asserts that it is owed at least $304,733.17 in principal and additional amounts for interest and other charges as allowed under the mortgage. Defendants correctly assert that none of the orders referred to in connection with the Harbor Property expressly referred to the Citibank Mortgage as opposed to referring to the CitiMortgage Mortgage, and the Trustee concurs that notice of the referenced orders and notices were provided to CitiMortgage, not Citibank.

Pursuant to Rule 9019(a), the Parties have negotiated and agreed on a settlement to avoid further litigation, costs, and expenses. Under the settlement, Citibank shall have an allowed claim against the estate in the amount of $150,000, to be paid from their interest in the Harbor Property sale proceeds. [dkt item 983; adv. dkt item 7, at ¶¶ 37-42] At no time has the Trustee asserted that the Citibank Mortgage had not been properly filed of record. The Trustee gave notice of the proposed settlement as required by the Bankruptcy Code and Rules.

On May 21, 2020, Debtor, Maura Lynch, filed an objection to the settlement ("Debtor's Objection"), arguing that Citibank's unfiled claim was untimely, that the settlement agreement is not in the best interest of the estate, and that the settlement agreement is neither fair nor equitable. [adv. dkt item 9]

On May 22, 2020, John Lynch filed an objection ("John Lynch's Objection") to the settlement arguing that it is not fair or equitable to pay anything to the Defendants, who did not file a proof of claim, ahead of his filed claim. [dkt item 985]

On May 27, 2020, Defendants filed a response to Debtor's Objection and John Lynch's Objection. [dkt item 986; adv. dkt item 11]

On May 27, 2020, the Trustee filed a response to Debtor's Objection and John Lynch's Objection. [dkt item 989; adv. dkt item 14]

5

## DISCUSSION

### *I. Debtor Lacks Prudential Standing*

It is well-established in the Second Circuit that "a Chapter 7 debtor is a 'party in interest' and has standing to object to a sale of the assets, or otherwise participate in litigation surrounding the assets of the estate, only if there could be a surplus after all creditors' claims are paid." *In re 60 E. 80th St. Equities, Inc.,* 218 F.3d 109, 115 (2d Cir. 2000); *In re Magnesium Corp. of Am.*, 583 B.R. 637 (Bankr. S.D.N.Y. 2018). *See e.g.*, *In re Roussopoulos*, 198 B.R. 33, 44 n.9 (Bankr. E.D.N.Y. 1996) ("[A]n insolvent Chapter 7 debtor lacks standing to challenge a proposed sale of estate property because he lacks a pecuniary interest in such property."). For a Chapter 7 debtor to establish standing, he or she has the burden of proof in "showing that there is at least a reasonable possibility of a surplus." *In re Licata*, 659 F. App'x 704, 706 (2d Cir. 2016). A debtor also lacks standing to oppose the approval of settlement agreement if he or she does not have a pecuniary interest "directly or adversely affected by the bankruptcy court's order adopting the settlement." *In re Friedberg*, 634 Fed. Appx. 333 (2d Cir. 2016).

Here, Debtor has no direct secured claim against the Harbor Property or the proceeds of its sale, and thus has no direct interest in the disposition of the Sale Proceeds; the five creditors that have a claim against the estate directly attributable to the Harbor Sale Proceeds are:

(1) NYMT- $45,000.00;
(2) CitiMortgage- $312,000.00;
(3) Erric Vannoy - $2,515.00, plus interest from May 2012;
(4) Speonk Lumber Corp -$4967.00, plus interest from July 14, 2014; and
(5) Thomas Compagana P.C. -$50,000, plus interest from April 15, 2014

[dkt item 223]

After the sale of the Harbor Property, the sum of $381,000.00 remained in the Chapter 11 Debtor's account, which, upon conversion, was turned over to the Trustee. [dkt item 223] Once

the valid liens against the Harbor Property are paid from the Harbor Sale Proceeds, including the $150,000 to CitiMortgage on account of the Citibank Mortgage, the estate will retain the net amount of approximately $231,000 per the Settlement, which would then be generally available for distribution in accordance with the priorities established under the Bankruptcy Code. However, there is no prospect of this estate being a surplus estate and, after paying all the creditors, providing a distribution to Debtor.

After this case was converted to chapter 7, Debtor sought to obtain funds from the estate to prosecute a non-bankruptcy action she had filed against her ex-husband in the United States District Court. [dkt. Item 557] The Court ordered that "Debtor and the trustee shall each file and serve a list of known and potential claims against the estate including a dollar amount for each claim, any estate assets available after payment of all claims against the estate which arose during the both the chapter 11 and chapter 7 phases." [dkt. item 618] Thereafter, the Trustee and Debtor each filed and served a list of known and potential claims against the estate. [dkt item 622, 626 and 627]

On March 26, 2018, the Court held an evidentiary hearing, after which the Court held that Debtor had failed to establish that this is a surplus estate. On May 17, 2018, this Court entered an Order denying Debtor's request for the release of funds. [dkt item 681]

Because Debtor failed to establish that this is a surplus estate, she lacks a pecuniary interest that is directly or adversely affected by the Court's approval of the settlement agreement. *See Licata*, 659 F. App'x at 706 (affirming the Bankruptcy Court's holding that a debtor did not have standing to oppose a settlement after finding that there was "no reasonable possibility of a surplus."). The events in Debtor's main case which are of public record and reflected on the CM/ECF public docket after April 2018 serve only to further solidify the lack of any reasonable

7

possibility of this being a surplus estate. As such, Debtor lacks standing to oppose the settlement agreement in this adversary proceeding and her objection is overruled.

## II. Creditor John Lynch Has Standing

By contrast, the creditor John Lynch, holder of proof of claim number 22, has standing to object to the settlement agreement because he is a "party-in-interest" as defined by Section 1109(b). Section 1109(b) provides that the term party-in-interest includes creditors who "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109. The Second Circuit has consistently held that a creditor to the bankruptcy estate is a party-in-interest because "[o]ne of those purposes is to convert the bankrupt's estate into cash and distribute it among creditors, [and] bankruptcy courts were established to provide a forum where creditors and debtors could settle their disputes and thereby effectuate the objectives of the statute." *In re Refco Inc.*, 505 F.3d 109, 116–17 (2d Cir. 2007) (citing *In re Comcoach Corp.*, 698 F.2d 571, 573 (2d Cir.1983)) (internal citation omitted). Therefore, as a creditor with a filed claim, John Lynch is a party-in-interest who may object to the settlement agreement.

Bankruptcy Rule 9019(a) incorporates creditors as parties by requiring notice of the settlement be given to creditors. The Rule provides that, "[o]n motion by the trustee and after a hearing on notice to creditors, the United States trustee, the debtor and indenture trustees as provided in Rule 2002 and to such other entities as the court may designate, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The standing of creditors to object to settlements under Rule 9019 is granted through the notice element of the rule, as the courts have noted that "the general notice provisions in Bankruptcy Rule 2002(a)(3) enable interested entities to monitor the progress of the bankruptcy case and to interpose timely opposition to the proposed settlement." *In re Thompson*, 965 F.2d 1136, 1140 (1st Cir. 1992), as

amended (May 4, 1992). Therefore, as a creditor who is entitled to receive notice and monitor the settlement process, John Lynch has standing to file his objection.

### III. John Lynch's Objection Lacks Merit and the Settlement is Within the Range of Reasonableness under Bankruptcy Rule 9019.

There is no disputed fact arising from the evidence submitted in support of or in opposition to the settlement. John Lynch does not attempt to controvert the Trustee's business judgment or his evidence submitted in support of the settlement. Thus, there is no reason to conduct an evidentiary hearing as there is no need for the Court to assess witness credibility and decide which disputed facts to credit. John Lynch simply argues that the holder of an unfiled claim should not be paid ahead of his filed claim. However, he misunderstands that Defendants hold a secured mortgage claim and that they are not required to file a claim to be paid on their lien claim. *See* 11 U.S.C. § 506(d)(2).

From the Court's review of the unopposed evidence submitted by the Trustee, the Settlement is well within the range of reasonableness as required under Bankruptcy Rule 9019. *See* Fed. R. Bankr. P. 9019(a).

To approve a compromise or settlement under Bankruptcy Rule 9019, the Court must determine that the compromise or settlement is fair, equitable, and in the best interests of the estate. *See In re Drexel Burnham Lambert Grp., Inc.*, 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S. Ct. 1157, 20 L. Ed. 2d 1 (1968)). The factor analysis applied by courts in approving settlements under Bankruptcy Rule 9019 from *Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F. 3d 452 at 462 (2d Cir. 2007),[4] does

---

[4] These factors are: "(1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, 'with its attendant expense, inconvenience, and delay,' including the difficulty in collecting on the judgment; (3) 'the paramount interests of the creditors,' including

not require courts to conduct a trial of the underlying claims. *See In re Chemtura Corp.*, 439 B.R. 561, 594 (Bankr. S.D.N.Y. 2010). Generally, courts should approve settlements unless they "fall below the lowest point in the range of reasonableness." *Cosoff v. Rodmon (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983); *see also In re Chemtura*, 439 B.R. at 594 (quotations omitted); *Bildirici v. Kittay (In re E. 44th Realty, LLC)*, No. 05 BR 16167, 2008 LEXIS 7337, 2008 WL 217103, at *8 (S.D.N.Y. Jan. 23, 2018).

Here, the settlement allows the Trustee to retain approximately $231,000.00 for the benefit of the bankruptcy estate and its creditors from the proceeds of sale of the Harbor Drive Property. Those proceeds were specifically earmarked for further distribution for paying those creditors, like the Defendants, who held a pre-petition mortgage lien against the Harbor Drive Property. Because the settlement substantially reduces the payment of the Citibank Mortgage lien and leaves $231,000.00 for the bankruptcy estate, it is fair, equitable, and in the best interests of the estate. Also, the settlement agreement avoids decreasing the bankruptcy estate's funds in avoiding the legal fees and expenses associated with the considerable discovery, motion practice and trial preparation. *See* adv. dkt item 14. The Trustee argues that, using his reasonable business judgment, the settlement is the optimal way to "quiet title" of the property encumbered by the mortgage held by Defendants. [adv. dkt item 14] The settlement agreement therefore meets the reasonableness standard and John Lynch's Objection fails to establish otherwise.

---

each affected class's relative benefits 'and the degree to which creditors either do not object to or affirmatively support the proposed settlement'; (4) whether other parties in interest support the settlement; (5) the 'competency and experience of counsel' supporting, and '[t]he experience and knowledge of the bankruptcy court judge' reviewing, the settlement; (6) 'the nature and breadth of releases to be obtained by officers and directors'; and (7) 'the extent to which the settlement is the product of arm's length bargaining.'" *In re Iridium Operating LLC*, 478 F.3d at 462 (citing *In re WorldCom, Inc.*, 347 B.R. 123, 137 (Bankr.S.D.N.Y.2006)).

John Lynch argues that the settlement agreement is not fair, equitable or in the best interest of the estate because it does not address how his claims will be satisfied. John Lynch also contends that the settlement is not reasonable because he has not yet received any portion of the 100% lump sum payment promised in Debtor's chapter 11 plan. [dkt item 985] His arguments not only fail to raise a serious question as to the reasonableness and fairness of the settlement, but also incorrectly interpret the standards under Bankruptcy Rule 9019. His argument that not paying him means the settlement is below the standard of reasonableness erroneously puts his individual interest above that of the estate and other creditors. As discussed *supra*, the bankruptcy estate and its creditors are benefited greatly by retaining $231,000.00 of the sales proceeds and not enduring the costs of lengthy litigation. Also, because this case was converted to chapter 7, the contents of the Debtor's proposed chapter 11 plan is irrelevant. Therefore, John Lynch's objections lack merit and the settlement agreement is withing the range of reasonableness under Bankruptcy Rule 9019.

Finally, a mortgage claim is always paid from the proceeds of a free and clear sale, which is exactly what is happening here. A secured claim also has priority over general unsecured claims, which the John Lynch claim appears, at best, to be. *See* 11 U.S.C. § 724.

## CONCLUSION

After due deliberation and for sufficient cause shown, it is hereby

**ORDERED**, that Debtor's Objection is hereby overruled for lack of standing; and it is further

**ORDERED**, that John Lynch's Objection is overruled because his objection lacks merit and because the settlement is within the range of reasonableness under Bankruptcy Rule 9019; and it is further

**ORDERED**, that the settlement between the Trustee and Defendants is hereby approved.



Dated: April 15, 2021
Central Islip, New York

_____
**Alan S. Trust**
**Chief United States Bankruptcy Judge**